NEWMAN, Circuit Judge,
concurring in the judgment.
I agree that infringement has not been shown as to the '386 and the '398 patents. For the '398 patent, the Commission’s constructions of the “unitary member” and the “mounting means” terms are correct; and since the accused devices do not embody these limitations as construed in light of the specification, I agree that infringement was properly not found.
For the '386 patent, the court has strayed from the Commission’s correct rul *1327 ings, although reaching the same result of non-infringement. The court errs in construction and application of the clause “circuit interrupter” in interaction with the “actuator assembly,” for, as patentee P & S points out, it makes no sense to interpret the claims as requiring a miswiring protection device to trip a properly wired device but not an improperly wired device. However, I agree that the accused devices do not embody these limitations as correctly construed by the Commission, and on this basis I concur in the conclusion of non-infringement.
Claim construction requires conformity with the description of the invention in the specification. See Phillips v. AWH Corp., 415 F.3d 1303, 1315 (Fed.Cir.2005) (en banc) (“[Cjlaims must be read in view of the specification, of which they are a part.” (internal quotation omitted)); Multiform, Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1478 (Fed.Cir.1998) (“The best source for understanding a technical term is the specification from which it arose, informed, as needed, by the prosecution history.”). The claim clauses at issue are:
an actuator assembly configured to provide an actuator signal in response to the fault detection signal or the wiring state detection signal; and a circuit interrupter coupled to the actuator assembly, the circuit interrupter being configured to disconnect the first conductive path from the second conductive path in response to the actuator signal in the reset state.
'386 patent claim 1, col.14 ll.61-67. The court holds that these clauses require the circuit interrupter to trip in response to a signal provided only when the device is properly wired. See Maj. Op. at 1325 (“As P & S admits, a device configured in this way would never trip in response to a wiring state detection signal in the reset state, because no such triggering signal would be generated in that state.”); id. at 1326 (“Moreover, just like asserted claim 1, claim 9 requires the device to trip in response to a wiring state detection signal in the reset state.”). The court’s understanding of the claims as requiring tripping of the circuit whenever the device is wired properly, is contrary to the purpose, function, and operation of the claimed device.[1] It is not the claim that is not “logical,” Maj. Op. at 1325-26; it is the claim construction that defies the specification.
The Commission correctly concluded that “a device ‘configured to disconnect’ in response to an actuator signal received in response to a wiring state detection signal in the reset state need not actually generate a wiring state detection signal in the reset state, and therefore need not actually trip when properly wired (although it must be configured to do so).” In re Certain Ground Fault Circuit Interrupters and Prods. Containing Same, Inv. No. 337-TA615, slip op. at 18 (Int’l Trade Comm’n Mar. 9, 2009). The majority’s construction is in conflict with this conclusion. The specification describes embodiments in which, consistent with the Commission’s construction, the wiring state detection signal is not generated when the device is in the reset state. See '386 patent Figures 8-11 & col.13 1.50-col.l4 1.23. However, if the wiring state detection signal were provided when the device is in the reset state, the device would trip.[2] Claim 1 includes these embodiments.
*1328 I would adhere to the Commission’s construction, and affirm the finding of non-infringement based on the substantial evidence relied upon by the Commission.

. In one embodiment described in the patent, the device will initially trip on installation whether it is properly wired or miswired. See '386 patent col.7 1.43-col.8 1.15. It is not the “wiring state detection signal”—indicating proper wiring—that causes the device to trip. Rather the wiring state detection signal clears a resistor or fuse that disables that part of the circuit, thus allowing the device to be reset if properly wired.

. This is because, as seen for example in Figures 4 and 8 of the patent, there is only *1328 one solenoid to both move the reset lockout mechanism (if the device is in the tripped state) and trip the device (if it is in the reset state).